MA11

**Exhibit H**

F I L E D

11:20 A ʍ. O'CLOCK

CAUSE NOS. <u>CR-888-91-F</u> & <u>CR-895-91-F</u> OCT 1 1991

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 332ND DISTRICT COURT |
| VS. | § | OF ~~Marcela Goya~~ |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

<u>MOTION FOR DISCOVERY AND INSPECTION OF EVIDENCE</u>

Now comes the Defendant in the above styled and numbered cause and makes this Motion for Discovery and Inspection of Evidence, pursuant to the authority of Article 39.14 of the Texas Code of Criminal Procedure and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and in support thereof would show the Court as follows:

I.

The Defendant moves the Court to order the Criminal District Attorney to produce and permit the inspection of and the copying and photographing of the following designated items:

(1) All written and oral statements or confessions made by the Defendant.

(2) All written and oral statements or confessions made by any of the Codefendants.

(3) All property taken from the Defendant or Codefendants, by the State allegedly used during the commission of the offense in which the defendant is charged.

(4) All exculpatory evidence either physical objects or written or oral statements in the custody of the State or its law enforcement agencies or their agents.

(5) All photographs taken by law enforcement agents or agents of the District Attorney showing the crime scene or scene of the arrest or any other material evidence.

(6) All reports and results of scientific tests, or comparisons made by the State and the names of all experts who participated in said test along with their address and telephone number.

**Exhibit H**

(7)   All photographs or photographic lineups or lineups used to identify the Defendant.

(8)   All prior criminal records of the Defendant, Co-defendant or State witnesses in the custody of the District Attorney or law enforcement agencies including all informants and others who aided in the investigation.

(9)   All physical evidence, including documents, accounts and letters which are the property of the defendant which were in his possession which are in the custody or control of the District Attorney or law enforcement agencies.

(10)  All acts of misconduct with the District Attorney intends to use to impeach the Defendant character should he testify.

(11)  All deposition or transcript testimony the State plans to use in the trial of this case.

(12)  All updated criminal records of the State's witnesses.

(13)  All mitigation evidence in the possession of the State or its agencies.

(14)  All extraneous offenses the District Attorney may be introduced at trial

(15)  All agreements entered into by the State and its witnesses or potential witnesses.

(16)  All arrest or search warrants in the possession of the State or its agents.

(17)  Names, addresses and information given to the State or its agents by informants. As well as all criminal records, arrangements and impeachment evidence.

(18)  List of all trial witnesses and all witnesses who appeared before the grand jury.

(19)  All deals and negotiations entered into with any witness or co-defendant, including all exculpatory statements made by co-defendant's attorney.

(20)  All grand jury testimony by witnesses explaining circumstances of accident.

(21)  All evidence from civil attorneys or government agencies known by the State to relate to this matter.

Wherefore premises considered, Defendant requests that this Honorable Court grant Defendant's Motion and require the State to produce these items, instanter so that the Defendant can adequately prepare for trial.

Respectfully submitted,

ANIBAL J. ALANIZ
Texas Bar No. 00966600
2401 N. 10th St., Suite B-63
McAllen, Texas 78501

MARK ALEXANDER
Texas Bar No. 00996200
McAllen, Texas  78502-4136
(512) 687-8217

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was delivered to the Criminal District Attorney in charge of this case on this the ___1___ day of October, 1991.

ANIBAL J. ALANIZ

-3-

**Exhibit H**

# O R D E R

Came to be considered the foregoing Motion of the Defendant, in which the Court (GRANTS, DENIES) the relief sought by the Defendants. The Criminal District Attorney is hereby ordered to comply with the Courts order and produce and permit copying of those items designated by this Court at the time the Court designated. The Denial of said Motion was duly excepted to by the Defendant.

SIGNED AND ENTERED on this the _____ day of _____, 1991.

JUDGE PRESIDING _____

**Exhibit H**

CAUSE NOS. <u>CR-888-91-F</u> & <u>CR-895-91-F</u>

|  |  |  |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 332ND DISTRICT COURT |
| VS. | § | OF |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

<u>DEFENDANT'S MOTION TO BE TRIED IN CIVILIAN CLOTHES</u>
<u>AND NOT HANDCUFFED IN FRONT OF THE JURY</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MIKE BUENO, Defendant in the above entitled and numbered cause by and through his attorneys of record and moves the Court to allow him to appear at the trial of this case dressed in civilian clothes rather than in an orange uniform which is the customary attire of all Defendants in custody of the State at the Hidalgo County Jail and that he not be handcuffed while in the Jury's presence.  In support of this motion, the Defendant would show unto the Court as follows:

I.
<u>(Presumption of innocence)</u>

Requiring the Defendant to appear before the jury attired in the garb of a convict prisoner and in handcuffs or shackles tarnishes and is violative of the Defendant's right to a presumption of innocence.  <u>Cline v. State</u>, 463 S.W.2d 441 (Tex. Crim. App. 1971; <u>Ephraim v. State</u>, 471 S.W.2d 798 (Tex. Crim. App. 1971).

II.
<u>(Denial of impartial jury)</u>

The stigma attaching to one who must involuntarily wear the clothes of a convict as he faces the tribunal that will judge his

guilt prior to his adjudication of conviction is violative of the Defendant's right a fair trial before an impartial jury.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that the Court issue an order instructing the Hidalgo County Sheriff, present custodian of the Defendant's person, that Defendant be afforded the opportunity and means whereby to clothe himself in civilian clothes for purposes of the trial of his cause and that the Sheriff not handcuff or shackle the Defendant in the presence of the Jury.

Respectfully submitted by
Defendant's Attorney,

ANIBAL J. ALANIZ
Texas Bar No. 00966600
2401 N. 10th St., Suite B-63
McAllen, Texas 78501

MARK ALEXANDER
Texas Bar No. 00996200
McAllen, Texas 78502-4136
(512) 687-8217

O R D E R

Having considered the Defendant's Motion the Court is of the opinion it should be (GRANTED/DENIED).

If Granted it is the ORDER of the Court that the Sheriff of Hidalgo County, Texas bring the Defendant MIKE BUENO in civilian clothing for all his appearance and that he not be handcuff or shackle the Defendant in the presence of the Jury or any prospective Jurors.

SIGNED and entered on this the _____ day of _____, 1991.

_____
JUDGE PRESIDING

-2-

**Exhibit H**

CAUSE NO. CR-888-91-F & CR-895-91-F

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 332ND DISTRICT COURT |
| VS. | § | OF |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

FILED

11:18 A M. O'CLOCK

OCT 1 1991

## MOTION IN LIMINE

Now comes the Defense in the above cause who requests that the Court grant a Motion In Limine to prevent the State from discussing certain matters in front of the Jury without a prior ruling from the Court. The Defense requests that the State not be allowed to mention or allude to the following matters without first approaching the bench and notify the Court and the Defense of its intention to mention allude to or present evidence of these matters. The Defense would also request that the Court hold a hearing outside the Jurys' presence to determine the admissibility and relevance of such evidence or comments. The matters the Defense is making this request as follows:

(1.) The fact that this Defendant has been ~~called the Edinburg Rapist and has been~~ charged with numerous crimes.

(2.) Any statements made by the Defendant or Co-defendants.

(3.) Any extraneous offenses.

(4.) Any scientific or physical evidence seized from the Defendant or Co-Defendants.

(5.) Any character or reputation witnesses of the Defendant or victim.

(6.) Any prior criminal record of the Defendant or acts of misconduct.

(7.) Any testimony from any member or former member of the D.A. office.

(8.) Any derogatory names of the Defendant or Defense Attorney.

(9.) Any grand jury transcripts or other recorded material.

(10.) Any request for a stipulation to evidence.

(11.) Any request for threats or explanations of perjury to any witnesses appearing for the defense.

(12.) Any results from the trial or hearings of any of the Co-Defendants.

WHEREFORE, PREMISES CONSIDERED Defense prays the Court grant his Motion.

Respectfully submitted by
Defendant's Attorney,

ANIBAL J. ALANIZ
Texas Bar No. 00966600
2401 N. 10th St., Suite B-63
McAllen, Texas 78501

MARK ALEXANDER
Texas Bar No. 00996200
McAllen, Texas 78502-4136
(512) 687-8217

## O R D E R

The Court having considered Defendant's Motion In Limine grants the Motion as to items (all, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12) and denies the remainder.

As to those items in which the Court has granted the relief requested by the defendant, the State is ordered not to allude, mention or introduce evidence concerning those matters until it has approached the bench outside the hearing of the jury and obtained a favorable ruling.

Signed and entered on this the _____ day of October, 1991.

_____
JUDGE PRESIDING

-2-

**Exhibit H**

CAUSE NOS. CR-888-91-F & CR-895-91-F

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 332ND DISTRICT COURT |
| VS. | § | OF |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

FILED
11:19A M. O'CLOCK
OCT 1 1991

### MOTION TO SHUFFLE JURORS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant in the above entitled and numbered cause by and through his undersigned attorneys of record, and moves the Court pursuant to Article 35.11, T.C.C.P., as follows:

That the Court cause the names of all persons sent from the central jury room for services as prospective jurors in this cause to be placed in a receptacle and well-shaken and to draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try this case and further that the Court issue or cause to be issued an order to the jury shepherd or clerk of the Court to the effect that the names selected from said receptacle shall be listed on the jury list from which the jury to try the above entitled and numbered cause will be selected in the order drawn from said receptacle.

WHEREFORE, the Defendant prays that the foregoing motion be granted.

Respectfully submitted by
Defendant's Attorney,

ANIBAL J. ALANIZ
Texas Bar No. 0966600
2401 N. 10th St., Suite B-63
McAllen, Texas 78501

MARK ALEXANDER
Texas Bar No. 00996200
McAllen, Texas 78502-4136
(512) 687-8217

**Exhibit H**

CAUSE NOS. <u>CR-888-91-F</u> & <u>CR-895-91-F</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 332ND DISTRICT COURT |
| VS. | § | OF |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

<u>O R D E R</u>

On this the _____ day of _____, 19 __, came for hearing the foregoing Motion, and IT IS ORDERED BY THE COURT that the Motion be and the same is hereby in all things GRANTED/DENIED, to which Defendant excepted.

SIGNED AND ENTERED on this the _____ day of _____, 1991.

_____
JUDGE PRESIDING

**Exhibit H**

CAUSE NOS. <u>CR-888-91-F</u> & <u>CR-895</u>-91-F

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 332ND DISTRICT COURT |
| VS. | § | OF |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

F I L E D
OCT 1 1991

BY ___

## TRIAL OBJECTION

NOW comes the Defendant in his own person and through his attorney of record who moves that this Court grant this Motion in Limine to the following matters. The Defense would request that the Court instruct the government and its witnesses not to mention or refer to directly or indirectly the following matters in the presence of the jury or introduce any evidence concerning the following matters without first approaching the bench and announcing its intention to do so, so that a hearing on the admissibility of said evidence can be held outside the presence of the jury and the Court can rule on its admissibility without prejudicing the jury.

As grounds for said Motion the Defense would show that the Motion is necessary to insure the Defense a fair trial. The following are the areas the Defense are concerned about:

A.  That the State of Texas or the Prosecutor represents the people, the victims of crime or the children of Hidalgo County.

B.  That the Prosecution has to take an extra oath or is required to do justice or see that justice is done.

C.  That there has been plea bargaining or negotiations.

D.  Referring to the Defendant or his attorney in a derogatory or slanderous manner.

E.  Referring to inadmissible evidence or evidence of a questionable nature-such as confessions, extraneous offenses, expert opinions in the State's opening statement.

F.  Requests to stipulate evidence or qualifications before the jury.

G.   Comments or inferences the Defense is deceptive, unethical, or devious by making objections or requesting rulings from the Court.

H.   Condemnations or requests to penalize the Defendant for asserting her statutory or constitutional rights.

I.   Any harassing, threatening or coercion of any witnesses before the Jury.

J.   Any references to expert opinions or scientific evidence before admitted into evidence outside jury's presence.

K.   Any opinion evidence of a lay witness, before that opinion is admitted into evidence, outside the jury's presence.

L.   Any personal opinions or statements concerning community expectations.

M.   Any comments to be made to the press or news media before, during, and after the trial until approved by the Court.

N.   Attempt to introduce any hearsay statements whether subject to an exception or not until the Court rules on their admissibility.

O.   Any extraneous offenses character, or misconduct evidence.

P.   Any inflamatory photographs or videotapes.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this honorable Court grant the Defendant's Motion and require the State to refrain from doing any of the above until it approaches the bench and gets a ruling from the Court.

Respectfully submitted,

ANIBAL J. ALANIZ
Texas Bar No. 00966600
2401 N. 10th St., Suite B-63
McAllen, Texas 78501

MARK ALEXANDER
Texas Bar No. 00996200
McAllen, Texas 78502-4136
(512) 687-8217

**Exhibit H**

## O R D E R

The Court is of the opinion the foregoing Motion should be

Granted as to items _____

and Denied as to items _____.

The same is so ORDERED.

SIGNED on this the _____ day of October, 1991.


_____
JUDGE PRESIDING

**Exhibit H**

CAUSE NOS. <u>CR-888-91-F</u> & <u>CR-895-91-F</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 332ND DISTRICT COURT |
| VS. | § | OF |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

FILED
OCT 1 1991
O'CLOCK

## JACKSON V. DENNO MOTION FOR HEARING AND SUPPRESSION OF ANY AND ALL OF HIS WRITTEN, ORAL OR RECORDED STATEMENTS OR CONVERSATIONS

MIKE BUENO, the accused herein, now comes and moves the Court for suppression of any and all verbal, written, or recorded conversations or statements of this accused and for either a pretrial <u>Jackson v. Denno</u> hearing or in the alternative to instruct the Government's attorneys and witnesses not to mention or refer to, directly or indirectly, in the presence of the jury and not to attempt to introduce into evidence any of this accused's oral or written statements, admissions, or confessions, whether incriminating or exculpatory to the accused, which were allegedly made by the accused to or in the presence of police officers or any person, without first approaching the bench and announcing to the Court his intention to do so, so that a <u>Jackson v. Denno</u> and <u>Dunaway v. New York</u> hearing on the admissibility of said statements may be had outside the presence of the jury. This accused moves for such suppression and in support of this motion, would show:

1. At the time of various conversations with certain police officers and others, the accused was either under arrest or deprived substantially of his freedom by the attendant conduct and presence of the police officers and the surrounding circumstances.

2. To require the accused to object to the admissibility of alleged statements in the presence of the jury would be

prejudicial and detrimental to the rights of the accused in the event that it is subsequently determined that said statements are inadmissible.

3.  The Court should suppress this accused's said oral and written statements, admissions and confessions, for this accused's giving of said information was not done freely, voluntarily, knowingly and intelligently; and that this accused made such statements without counsel present and without a knowing waiver of this accused's rights both under the Fourth, Fifth and Sixth Amendments to the United States Constitution and provisions of federal law, and under Article 1, Sections 9, 10 and 19 of the Texas Constitution and Articles 38.21, 38.22 and 38.23, V.A.C.C.P.; and that this accused was intimidated, coerced, and induced to make such statements by Government officers who elicited the accused's statement.

4.  That such hearing should be had before the Court; that findings of fact and conclusions of law are hereby requested and should be made by the Court with respect thereto; and that said evidence be suppressed by the Court.

Respectfully submitted by
Attorneys for the Accused,

ANIBAL J. ALANIZ
Texas Bar No. 00966600
2401 N. 10th St., Suite B-63
McAllen, Texas 78501

MARK ALEXANDER
Texas Bar No. 00996200
McAllen, Texas  78502-4136
(512) 687-8217

-2-

O R D E R

On this the _____ day of _____, 1991, the accused
Mike Bueno's Jackson v. Denno Motion For Hearing and Suppression
of any and all of his written, oral, recorded statements or
conversations was considered and said motion is hereby (GRANTED)
(DENIED).  IT IS SO ORDERED.


JUDGE PRESIDING

**Exhibit H**

CAUSE NOS. <u>CR-888-91-F</u> & <u>CR-895-91-F</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 332ND DISTRICT COURT |
| VS. | § | OF |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

<u>MOTION TO RECEIVE NOTICE OF</u>
<u>AND PROHIBIT THE MENTIONING OF</u>
<u>EXTRANEOUS OFFENSES</u>

NOW COMES the Defendant through his Attorney of record who moves the Court to require the State to give the Defense reasonable notice of any intention of introducing extraneous offenses pursuant to Rule 404 of the Texas Rules of Criminal Evidence and to prohibit the State from mentioning the said extraneous offenses without said notice and without first approaching the bench and informing the Court outside the Juries presence of the States intention to introduce the extraneous offenses, so that the Defense may challenge their admissibility.

As grounds for said Motion the Defense would show that to allow the extraneous offenses to be admitted would be extremely prejudicial to the Defense and would deny him a fair trial.

Respectfully submitted by
Defendant's Attorney,

ANIBAL G. ALANIZ
Texas Bar No. 0966600
2401 N. 10th St., Suite B-63
McAllen, Texas 78501

MARK ALEXANDER
Texas Bar No. 00996200
McAllen, Texas 78502-4136
(512) 687-8217

**Exhibit H**

CAUSE NOS. <u>CR-888-91-F</u> & <u>CR-895-91-F</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 332ND DISTRICT COURT |
| VS. | § | OF |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

O R D E R

Having considered the foregoing Motion is of the opinion it should be (GRANTED, DENIED).

IT IS THEREFORE ORDERED that the above Motion is hereby (GRANTED, DENIED).

Signed and entered on this the _____ day of _____, 1991.

_____
JUDGE PRESIDING

**Exhibit H**

CAUSE NO. <u>CR-888-91-F</u>

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 332ND DISTRICT COURT |
| VS. | § | OF |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

<u>MOTION TO QUASH INDICTMENT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the Defendant in above styled and numbered cause pursuant the Texas Code of Criminal Procedure, who moves that the Court quash the indictment. As grounds for said Motion, he would show that:

The indictment fails to state from whom the Defendant acquired the property.

Wherefore premises considered, the Defense prays that the Court grants his Motion to Quash.

Respectfully submitted,

ANNIBAL ALANIZ
State Bar No. 0966600
2401 N. 10th St., Ste B-63
McAllen, Texas 78501

MARK ALEXANDER
State Bar No. 00996200
804 Pecan
McAllen, Texas 78501

<u>ORDER</u>

The Court having considered the forgoing Motion to Quash is of the opinion that it should be GRANTED/DENIED.

Signed on this _____ day of October 1991.

_____
JUDGE PRESIDING

**Exhibit H**

CAUSE NOS. <u>CR-888-91-F</u> & <u>CR-895-91-F</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 332ND DISTRICT COURT |
| VS. | § | OF |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

## MOTION TO SUPPRESS

Now comes the Defendant in the above styled and numbered cause who moves that this honorable court suppress all the evidence against him in this cause. As a basis of this claim the Defense would show the Court that the evidence was illegally obtained in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, sections 9, 10, and 19 of the Texas Constitution and Articles 38:21, 38:23 of the Texas Code of Criminal Procedure and Rules 402 and 403 of the Rules of Criminal Evidence.

### I.

The Defendant was arrested by the Hidalgo County Sheriff's office on April 22, 1991. Defendant believes that the Sheriff's office may have searched his home, garage and vehicles and personal property and may have obtained some evidence without a search warrant.

### II.

Defendant seeks to suppress all physical evidence, all statements and all identification evidence sought to be introduced against him. Defendant contends that the State had no probable cause, or legal basis for entering the property in question. That there was no lawful basis for his arrest or the subsequent search of the premises. That all conversations with the police were

coercive, made in violation of his right to counsel and tainted by illegal search and arrest. Further that all identification evidence was obtained by being illegally of the premises.

### III.

None of the evidence was seized pursuant to warrant as required by both the U.S. and Texas Constitution.

### IV.

The evidence being illegally seized, and the Defendant illegally arrested, the Defense prays that the Court suppress all the evidence against him.

Respectfully submitted,

ANIBAL J. ALANIZ
Texas Bar No. 0966600
2401 N. 10th St., Suite B-63
McAllen, Texas 78501

MARK ALEXANDER
Texas Bar No. 00996200
804 Pecan
McAllen, Texas  78501
(512) 687-8217


### O R D E R

The Court having considered the Defendant's Motion is of the opinion it should be (DENIED or GRANTED AS TO ALL Physical evidence, statements or Identification testimony).

Signed on this _____ day of _____, 1991.

_____
JUDGE PRESIDING

**Exhibit H**

Cause No. CR-895-91-E
CR-888-91-E

FILED
2.55 p.m O'CLOCK

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 332nd JUDICIAL DISTRICT |
| | § | |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

## MOTION FOR DISCOVERY AND INSPECTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in the above-styled and numbered cause pursuant to the authority of TEX. CODE CRIM. PROC. ANN. art. 39.14, and makes this his Motion For Discovery And Inspection, and respectfully moves this Court to order the District Attorney to disclose, produce, and make available for inspection and copying all documents of evidence and information more specifically described below, and in support thereof would respectfully show this Court as follows:

I.

The Defendant stands charged herein with the offense of, among others, felony murder according to TEX. PENAL CODE § 19.02(3), and that this case is set for pre-trial on August 26, 1991.

II.

The Defendant requests that the following items or copies thereof be made available to him:

1. All confessions, admissions, and statements in writing that were signed by the Defendant in connection with the offense with which he is hereby indicted.

2. All confessions, admissions, and statements oral in nature and set down and preserved under TEX. CODE CRIM. PROC. ANN. art. 38.22 made by the Defendant in

connection with the offense with which he is hereby indicted.

3. All oral, written, and recorded statements made by the Defendant, and memoranda of said statements made to any investigating officer, any member of any law enforcement agency, or to any third party which is in the possession or within the knowledge of the District Attorney's Office or any agent thereof, including any law enforcement agency.

4. All oral and written statements made by the Defendant before the Grand Jury in connection with the offense with which he is herein indicted.

5. All handwritten and typed notes made by all law enforcement officers prior to, during and after the Defendant was interrogated; or in the alternative, that all said handwritten and typed notes be accurately preserved and maintained by said law enforcement officers until the trial of this cause in order that they may be available to the court and the jury on the issue of the voluntariness of the Defendant's statements.

6. Any statements, whether written or oral, made by all Co-Defendant(s), and Co-Conspirator(s), either indicted or unindicted, which the State of Texas intends to introduce to show the existence of a conspiracy or evidence of acting in concert.

7. All statements made by any party or witness to this alleged offense, in the possession of or within the knowledge of the District Attorney or any of his agents, including any law enforcement agency, whether such statements were written or oral, which might in any manner be material to the innocence of the Defendant or to the punishment, if any, to be set in this case.

8. A written transcription of the testimony of all of the witnesses who appeared and testified before the Grand Jury regarding the facts of this case; or, in the alternative, that the Court order the prosecutor to immediately order said transcription of all of said testimony in order that it will be available and in the possession of the prosecutor at time of trial. In further support of this request, the Defendant submits the following particularized needs:

a. To cross examine and impeach said witness;

b. To discover prior inconsistent statements;

c. To test the credibility of said witness;

d.   To test recollection of said witness.

Tex.R.Crim.Ev.  614 (a) and (f)  93) See also <u>Dennis v.</u>
<u>United States</u>,  384 U.S. 855 (1966);  <u>Pointer v. Texas</u>,
380 U.S. 400 (1965); <u>Cargill v. United States</u>, 381 F.2d
849 (10th Cir. 1967); <u>Hoffpauir v. State</u>, 596 S.W.2d
139 (Tex.Cr.App. 1980); <u>Tibbetts v. State</u>, 494 S.W.2d
552 (Tex.Cr.App. 1973).

9.   All objects and tangible  property alleged by the State
     to have been taken or used by the Defendant or any Co-
     Conspirator during the course of the commission of the
     offense with which the Defendant is herein indicted,
     including but not limited to the following:

a.   All weapons alleged by  the State to have been used by
     the Defendant, each Co-Defendant and each Co-
     Conspirator in the commission of the offense with which
     Defendant is herein indicted;

b.   All articles of clothing, including shirts, pants,
     undergarments and shoes allegedly belonging to the
     Defendant and to the decedent;

c.   The vehicle driven by the decedent, and the vehicle in
     which the Defendant was riding;

d.   All photographs of the Defendant whether taken at the
     scene of the alleged offense or at any time thereafter;

e.   All medical reports of the Defendant that were compiled
     as a result of the accident made the basis of the
     offense charged herein;

f.   All medical reports of any Co-Defendant or Co-
     Conspirator that were compiled as a result of the
     accident made the basis of the offense charged herein.

10.  All photographs of the decedent whether taken at the
     scene of  the alleged offense, at the scene where the
     decedent was discovered or at the time the autopsy was
     performed.

11.  All photographic negative prints whether or not
     developed by the District Attorney, its agents, or any
     law enforcement agency, which were made in the
     investigation of this case.

12.  All fingerprints, palm prints, and footprints, and
     reports conducted with respect to said prints, alleged
     by the State to have been made by the Defendant, each
     Co-Defendant and each Co-Conspirator, in the commission

3

of the offense with which the Defendant is herein indicted.

13. All reports of scientific tests, experiments and comparisons, and all other reports of experts and the name and address of each such person who made such report or performed such test, experiment or comparison, including but not limited to reports pertaining to weapons, bullets, shots, waddings, cartridge cases, tool marks, <u>blood</u>, breath, hair, threads, drugs and controlled substances.

14. All autopsy reports based on an examination of the decedent.

15. The prior criminal record of the following persons:

    a.  The Defendant;
    b.  Each Co-Defendant;
    c.  Each Co-Conspirator;
    d.  The Decedent;
    e.  All State's witnesses;

including all arrests and convictions, whether as a juvenile or as an adult, including but not limited to:

    (1) All felony convictions and all misdemeanor convictions involving moral turpitude which have occurred in the last ten years;

    (2) All felony convictions and all misdemeanor convictions and all misdemeanor convictions involving moral turpitude which have resulted in a suspended sentence which has not been set aside;

    (3) All felony and misdemeanor cases which have resulted in the person being placed on probation, wherein the period of probation has not expired;

    (4) All pending felony and misdemeanor offenses.

That the State should be ordered to request the proper law enforcement authorities to obtain a full and complete criminal record of all such witnesses and reveal same to the Defendant, and the State should not be permitted to respond to this motion by advising the Court that the prosecutor does not have any indication in his file of any prior criminal record of such

4

witnesses.

17.  A written specification of all prior misconduct and
     evidence of extraneous offense(s) which the State
     intends to use against the Defendant, which
     specification should include the date, time, place, and
     nature of such misconduct and/or extraneous offense(s),
     in order to fully apprise and notify the Defendant of
     all such evidence and thus permit the Defendant
     adequate time to challenge its relevancy, materiality,
     and probative value prior to trial and to prepare a
     defense as to such State's evidence.

18.  The prosecutor should be required to identify the
     location of recovery of all of the items provided to
     the Defendant pursuant to this motion for discovery.
     Such information is necessary to determine whether or
     not such evidence is objectionable at the time of trial
     on the grounds that the evidence has not been properly
     identified or that the chain of custody has not been
     properly proved or that the evidence was taken in
     violation of the Defendant's rights under the laws and
     Constitution of the State of Texas and the Constitution
     of the United States.

II.

In further support hereof, the Defendant would show this

Court that the production of all of the above evidence is the

only fair and proper method of showing the good faith of the

District Attorney in this case, the truth of all such matters

which the District Attorney intends to introduce into evidence

against the Defendant, and to insure that the Defendant has

adequate time to inspect, examine, and test all such evidence for

its respective validity, authenticity and identity.

III.

In support of this motion, the Defendant would show the

Court as follows:

1.  The items requested are in the exclusive possession,
    custody and control of the State of Texas and/or its
    agents, the police or the prosecuting attorney's
    office, and the Defendant has no other means of

5

obtaining such items.

2. The items requested are not privileged.

3. The items and information are material to the issues of guilt or innocence and punishment,if any, to be determined in this cause.

4. The Defendant cannot safely go to trial without such information and inspection, nor can the Defendant adequately prepare the defense to the charges against him.

5. That absent such discovery the Defendant's rights under TEX. CODE CRIM. PROC. ANN. art. 39.14, Article I, Section 10 of the Constitution of the State of Texas, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America will be violated, to his irreparable injury and thus deprive the Defendant of a fair trial. Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); Moore v. Illinois, 408 U.S. 786 (1972); United States v. Agurs, 427 U.S. 97 (1976); Bowen v. Maynard, 799 F.2d 593 (10th Cir. 1986).

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will grant this the Defendant's Motion For Discovery and Inspection in all things, or in the alternative, that this Court will set this matter down for a hearing prior to trial on the merits and that at such hearing this Motion will be in all things granted.

Respectfully submitted,

THE ALANIZ LAW FIRM
2401 N. 10th St., Ste. B-63
McAllen, Texas 78501
(512) 630-6810

By: _____
Anibal J. Alaniz
State Bar No. 00966600

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion For Discovery And Inspection was (mailed / hand-delivered) to the District Attorney at the Hidalgo County Courthouse in Edinburg, Texas on this *19* day of *August*, 1991.

Anibal J. Alaniz

## ORDER

On this day came on to be heard the foregoing Motion For Discovery And Inspection and the same is hereby (GRANTED and the Court hereby orders the District Attorney to produce and permit the inspection, copying and/or photographing, and examination of all the designated items in said Motion) (GRANTED in part and the Court hereby orders the District Attorney to produce and permit the inspection, copying and/or photographing, and examination of all items in said Motion whose numbers have been circled) (DENIED to which action of the Court the Defendant duly excepts).

SIGNED AND ENTERED this _____ day of _____, 1991.

_____
JUDGE PRESIDING

7

Cause No. CR-895-91-F
CR-888-91-F

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 332nd JUDICIAL DISTRICT |
| | § | |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S APPLICATION FOR
## FELONY PROBATION FROM THE JURY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in the above-styled and numbered cause, before the trial of this case has begun and files this his application for felony probation, and in support thereof shows the Court and jury as follows:

I.

That in the event the jury convicts the Defendant in this cause, the Defendant respectfully requests that the jury, during the punishment hearing, return a probated sentence as provided by law.

II.

That the Defendant has never before been convicted of a felony in State of Texas or any other state or in any federal court.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that in the event the jury returns a verdict of guilty in this cause, that the jury will further suspend imposition of sentence and place the Defendant on probation.

Respectfully submitted,

**THE ALANIZ LAW FIRM**
2401 N. 10th St., Ste. B-63
McAllen, Texas 78501
(512) 630-6810

By:_____
    Anibal J. Alaniz
    State Bar No. 00966600

THE STATE OF TEXAS            §
                              §
COUNTY OF HIDALGO             §

    BEFORE ME, the undersigned authority, on this date personally appeared Mike Bueno, the Defendant, who being by me duly sworn states:

    "I have read the above and foregoing Application for Probation and all the facts contained therein are true and correct."

    SUBSCRIBED AND SWORN TO BEFORE ME on this the _____ day of _____, 19____.

                              _____
                              Notary Public In and For
                              The State of Texas

                              _____
                              Notary's printed name

                              My commission expires:_____

                    CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing Application For Felony Probation From the Jury was (mailed / hand-delivered) to the District Attorney at the Hidalgo County Courthouse in Edinburg, Texas on this __19__ day of __August_____, 1991.

                              _____
                              Anibal J. Alaniz

2

**Exhibit H**

Cause No. CR-895-91-F
CR-888-91-F

THE STATE OF TEXAS     §     IN THE DISTRICT COURT
                              §
vs.                         §     332nd JUDICIAL DISTRICT
                              §
MIKE BUENO               §     HIDALGO COUNTY, TEXAS

### DEFENDANT'S WRITTEN ELECTION FOR JURY TO SET PUNISHMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant in the above-styled and numbered cause, before the commencement of the voir dire examination of the jury panel, and submits this his written election pursuant to TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(b) , for the jury to set punishment in this cause, in the event that the jury finds the defendant guilty in this cause.

Respectfully submitted,

THE ALANIZ LAW FIRM
2401 N. 10th St., Ste. B-63
McAllen, Texas 78501
(512) 630-6810

By:_____
    Anibal J. Alaniz
    State Bar No. 00966600

_____
Defendant

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served on the District Attorney, by (mail / hand-delivery), at the Hidalgo County Courthouse in Edinburg, Texas on this _19_ day of _August_ , 199_1_.

_____
Anibal J. Alaniz

**Exhibit H**

Cause No. CR-895-91-F
CR-888-91-F

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 332nd JUDICIAL DISTRICT |
| | § | |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

FILED
2:55 P M. O'CLOCK

## MOTION TO QUASH INDICTMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in the above-styled and numbered cause pursuant to the TEX. CODE CRIM. PROC. ANN. arts. 27.08 and 27.09 and makes this Motion To Quash Indictment, and respectfully moves this Court to quash and dismiss the Indictment, and in support thereof would respectfully show this Court as follows:

I.

The Defendant stands charged herein with the offense of, among others, felony murder according to TEX. PENAL CODE § 19.02(3), and that this case is set for a pre-trial hearing on August 26, 1991.

II.

The Defendant objects to the substance of the Indictment pursuant to Article 27.08 for the reason that the Indictment is so vague and indefinite that it fails to properly and sufficiently charge an offense so that the Defendant can fairly and adequately prepare his defense or claim a plea of former jeopardy in a subsequent prosecution.

III.

The Defendant objects to the form of the Indictment pursuant to Article 27.09 for the following reasons:

1.  The Indictment was not presented in the proper court as
    required by law;

2.  The Indictment does not contain the requirements
    prescribed by TEX. CODE CRIM. PROC. ANN. art. 21.02;

3.  The Indictment was not returned by a lawfully chosen or
    impaneled grand jury.

### IV.

The Defendant objects to the Indictment in that it fails to
allege the "manner and means" by which the Defendant participated
or committed the alleged offense.

**WHEREFORE, PREMISES CONSIDERED**, the Defendant prays this
Court to quash and dismiss the Indictment, and for such and other
and further relief, both special and general, at law and in
equity, to which the Defendant may be justly entitled.

Respectfully submitted,

**THE ALANIZ LAW FIRM**
2401 N. 10th St., Ste. B-63
McAllen, Texas 78501
(512) 630-6810

By:_____
Anibal C. Alaniz
State Bar No. 00966600

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above
and foregoing Motion To Quash Indictment was (mailed / hand-
delivered) to the District Attorney at the Hidalgo County
Courthouse in Edinburg, Texas on this 19 day of August,
1991.

_____
Anibal J. Alaniz

### ORDER

2

**Exhibit H**

On this day came on to be heard the foregoing Motion To Quash Indictment and the same is hereby (GRANTED and the Court hereby dismisses and quashes the indictment) (GRANTED in part and the Court orders the District Attorney to specify the manner and means in which the Defendant committed the offense for which he is charged herein) (DENIED in which action of the Court the Defendant duly excepts).

SIGNED AND ENTERED this _____ day of _____, 1991.

_____

JUDGE PRESIDING

3

**Exhibit H**

Cause No. CR-895-91-F
CR-888-91-F

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 332nd JUDICIAL DISTRICT |
| | § | |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

**MOTION FOR THE PRODUCTION AND INSPECTION
OF EVIDENCE AND INFORMATION WHICH MAY LEAD TO EVIDENCE
(Brady v. Maryland, 373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1194)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** the Defendant in the above-styled and numbered cause, and respectfully moves the Court to order the prosecution to produce and inspect all evidence and information which may lead to favorable evidence as to the issues of the Defendant's guilt or innocence and punishment, including but not limited to the following exculpatory evidence:

I.

Criminal records, acts of misconduct and psychiatric history, if any, of all witnesses testifying in behalf of the State during this trial.

II.

All information concerning all Co-defendants and Co-conspirators including but not limited to their prior criminal records, psychiatric records, extraneous offenses, pending criminal cases, all consideration or promises of consideration, and all oral and written statements concerning this offense.

III.

The names and present locations of all witnesses to this offense.

**Exhibit H**

IV.

All statements  of all persons, whether  they have testified or not, who have been interviewed by the prosecution or any agent thereof and who  have personal  knowledge of facts  of this  case which  could  be deemed  favorable to  the  Defendant, as  to the issues of either guilt/innocence or punishment.

V.

Copies of all business records and governmental records that are available to the  prosecution or within the knowledge  of the prosecution, whether or not used in this trial, including but not limited to all laboratory reports, scientific tests, etc.

VI.

All exculpatory evidence and facts which are known or by the exercise of due diligence should be known by the prosecution.

VII.

The  Defendant  hereby reurges  all  requests for  discovery previously made in the Defendant's Motion For  Discovery, and for purposes  of  this motion,  incorporates  by  reference the  said Motion For Discovery.

VIII.

The  Defendant submits  to this  Court that  the failure  or refusal  to produce  any  or all  of  the foregoing  evidence  or information by  the  prosecution  constitutes  a  suppression  of evidence  and a  violation  of the  Fifth, Sixth,  and Fourteenth Amendments to  the United  States Constitution  and substantially denies  the Defendant the  effective assistance of  counsel and a fair trial.  <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>United States</u>

2

v. Agurs, 427 U.S. 97 (1976); Ashley v. Texas, 319 F.2d 80 (5th Cir. 1963); Moore v. Illinois, 408 U.S. 786 (1972); United State v. Bagley, 473 U.S. 677, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); Bowen v. Maynard, 799 F.2d 593 (10th Cir, 1986); United States v. McKellar, 798 F.2d 151 (5th Cir. 1986); Woods v. State, 713 S.W.2d 173 (Tex.App.-Texarkana 1986); Ridyolph v. State, 503 S.W.2d 276 (Tex.Cr.App. 1974).

**WHEREFORE, PREMISES CONSIDERED**, the Defendant prays that this Court will grant this motion in all things.

Respectfully submitted,

**THE ALANIZ LAW FIRM**
2401 N. 10th St., Ste. B-63
McAllen, Texas 78501
(512) 630-6810

By: _____
Anibal J. Alaniz
State Bar No. 00966600

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing "Brady" Motion was (mailed / hand-delivered) to the District Attorney at the Hidalgo County Courthouse in Edinburg, Texas on this _19_ day of _August_____, 1991.

_____
Anibal J. Alaniz

## ORDER

The foregoing Motion For The Production and Inspection Of

3

**Exhibit H**

Evidence and Information  Which May Lead  To Evidence was  timely and  properly presented to the  Court and it  is hereby (GRANTED) (DENIED, in which case the Defendant duly excepts).

 

 

_____
JUDGE PRESIDING

**Exhibit H**

CAUSE NOS.

FILED
11:30 A M. O'CLOCK
CR-895-91-F OCT 1 1991
QUEBEC G. CONTO
M'Moürelle Gárg
DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 332ND DISTRICT COURT |
| VS. | § | OF |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

### MOTION TO QUASH

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the Defendant in the above styled and numbered cause pursuant to the Texas Code of Criminal Procedure, who moves that the Court quash the indictment.

As grounds for said Motion, he would show that:

### Count I
### Pargraph 1

(1) The first paragraph is multifarious in that it alleges 3 separate manner and means.

(2) The first paragraph fails to state a legal duty, which is an element necessary to be proven on the allegation of running a stop sign.

(3) The allegation of running a stop sign fails to state that the sign was legally posted.

(4) The allegation of eluding a peace officer fails to state that the officer is acting in his official discharge of a duty.

(5) The first paragraph fails to adequate tell the Defendant what he must defendant against in simple and intelligent language.

<u>Count I</u>
<u>Paragraph 2</u>

(1)-(5) Same as above.

(6)  The allegation in the second paragraph fails to inform the defendant from whom the stolen property was acquired from or obtained from.

<u>Count I</u>
<u>Paragraph 2</u>

(1)-(5) Same as above.

<u>Count I</u>
<u>Paragraph 3</u>

(1)-(5) Same as above.

<u>Count II</u>

(1)-(5) Same as above.

(6)  The State fails to connect the reckless acts with the causation of the death of Artemio Falcon Lopez.

(7)  The allegation fails to state that the defendant was aware of the risk and disregarded it.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court grant his <u>Motion to Quash</u>.

Respectfully submitted by
Defendant's Attorney,

ANIBAL J. ALANIZ
Texas Bar No. 00966600
2401 N. 10th St., Suite B-63
McAllen, Texas 78501

MARK ALEXANDER
Texas Bar No. 00996200
McAllen, Texas 78502-4136
(512) 687-8217

-2-

**Exhibit H**

CAUSE NOS. <u>CR-888-91-F</u> & <u>CR-895-91-F</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 332ND DISTRICT COURT |
| VS. | § | OF |
| MIKE BUENO | § | HIDALGO COUNTY, TEXAS |

<u>O R D E R</u>

The Court is of the opinion that the Motion to Quash has (merit, lacks merit).

IT IS THEREFORE (SUSTAINED AS TO COUNTS ____) (DENIED ON BOTH COUNTS).

SIGNED and entered on this the _____ day of _____, 1991.

_____
JUDGE PRESIDING

-3-